## The White Co., Appellant, *v.* Quin.

*Practice, C. P.—Sufficient affidavit of defense—Statement of claim—Averment of value, of work and materials.*

In an action on a book account for labor and materials furnished in the repair of an automobile, an affidavit of defense is sufficient, which denies that the prices charged were fair and reasonable, and sets forth the amount which the defendant justly believes to be due.

Argued Dec. 9, 1918.   Appeal, No. 304, Oct. T., 1918, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., June T., 1918, No. 5020, discharging rule for judgment for want of a sufficient affidavit of defense in case of The White Co. v. Edward C. Quin.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ.   Affirmed.

Assumpsit for labor and materials.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*William F. Brennan,* for appellant.—The affidavit of defense constituted a mere general denial and contra-

404, (1919).]   Arguments—Opinion of the Court.

vened the Practice Act of 1915: Fulton Farmers' Assn. v. Bomberger, 262 Pa. 43; Berks v. Kemper Construction Co., 65 Pa. Superior Ct. 589.

The affidavit was vague and inconsistent in its averments: Pennsylvania R. R. Co. v. Midvale Steel Co., 201 Pa. 624; Port Kennedy Slag Works v. Krause & Sons, 5 Pa. Superior Ct. 622; Roberts & Co. v. Andrews & Co., 15 Pa. Superior Ct. 305; King v. Security Co., 241 Pa. 547; Chain v. Hart, 140 Pa. 374; Killen v. Brown, 6 Pa. Superior Ct. 15; Gausler v. Bridges, 13 Pa. Superior Ct. 646; Brieck Bros. v. Baziotes, 242 Pa. 490.

*Joseph L. McAleer*, for appellee, cited: Friel v. Custer, 23 Pa. Superior Ct. 466; Deacon v. Smaltz, 10 Pa. Superior Ct. 151; Andrews v. The Packing Co., 206 Pa. 371.

OPINION BY HEAD, J., April 21, 1919:

The plaintiff's action is founded on a book account. It sues to recover a sum of money alleged to be due for materials furnished and work done in and about the rebuilding or repair of an automobile belonging to the defendant. A statement of claim was filed accompanied by a copy of the book entries which set forth in detail the different articles furnished and the price at which they were charged, together with the number of hours of labor expended in placing the same and the price per hour charged for such labor. The statement contained an averment that the prices or sums respectively charged for labor and material "were fair and reasonable and the ordinary market prices for work and repairs of that character." In actions founded on a book account, such an averment is of the first importance because the obligation to pay implied by the law does not of itself commit the defendant to the payment of the particular sums charged but to such sum only as may be found to have fair and reasonable value of the labor done or goods furnished.

An affidavit of defense was filed substantially admitting that the car had been repaired but denying that the work done or the materials furnished were reasonably and fairly worth the amounts charged therefor. On the contrary, the affiant declared that the sum of four hundred dollars, about one-half the amount sued for, would be a fair market price to compensate the plaintiff for what had been done and furnished. The learned court below made absolute a rule for judgment for that sum but discharged a rule for judgment for the full amount of the claim which was based on the allegation that the affidavit was wholly insufficient.

The affidavit of defense laws and the practice and procedure that have grown up thereunder have greatly promoted celerity and simplicity in the disposition of a large class of cases, and the spirit of the laws should on that account be fairly enforced. Nevertheless it must be kept in mind that the summary judgments contemplated by such laws are in derogation of the right of trial by jury and therefore such judgments should be confined to cases where the plaintiff's right is clear. Now, as we have stated, in the present case the plaintiff sues to recover what would be just and reasonable compensation for the work done and the material furnished by him. He is permitted in the first instance to fix his own prices. His statement of claim would not exhibit even a prima facie case for the recovery of a particular sum were it not for the averment that the prices, although fixed by himself, represented but the fair and reasonable market value of that which he had furnished. Now it is upon this particular point the defendant seeks to take issue with him and to demand that he establish his averment by proof. The defendant has denied in categorical language that the labor done and goods furnished were fairly and reasonably worth the sum charged therefor and has further affirmed on his oath that the sum of four hundred dollars, which he has now presumably paid, would be a fair and just measure of his liability. Unless

404, (1919).]          Opinion of the Court.

he be required to set forth the full details of his defense, which would be about tantamount to a statement of the evidence on which he intended to rely, it is hard to see how he could make his affidavit more responsive to the single averment in the statement to which it is directed. For these reasons we think the learned court below committed no error in discharging the rule and sending the case to a jury for trial.

The appeal is dismissed at the costs of the appellant without prejudice, etc.