## Husik *v.* Lever, Appellant.

Argued December 13, 1928. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Walter B. Gibbons,* of *Gibbons and Whitaker,* for appellant.—An affidavit of defense is sufficient which denies that professional services were of any value whatsoever as they were performed, and further denies that if the services had been performed as agreed between the parties, they would have been worth only $50: Tiedeman v. Loewengrund, 2 W. N. C. 272; Norris v. Breakwater Company, 235 Pa. 358; The White Company v. Quin, 71 Pa. Superior Ct. 404; Thomas v. Askin, 6 W. N. C. 501.

*Marc Billett,* for appellee.—In an action for professional services an affidavit of defense which admits the services and denies that there is any sum due is insufficient: Fulton Farmers' Assn. v. Bomberger, 262 Pa. 43.

OPINION BY CUNNINGHAM, J., January 25, 1929:

Plaintiff, a duly licensed physician and a nose and throat specialist, sued in the municipal court of the County of Philadelphia to recover $150 as compensation for professional services rendered in performing an operation upon defendant and in administering subsequent surgical treatment. The defendant filed an original and a supplemental affidavit of defense. Plaintiff took a rule for judgment for want of a sufficient affidavit, which rule the court below made absolute, and the defendant has appealed. It is not averred in plaintiff's statement of claim that

there was any express contract between the parties. The professional services are therein set forth and it is averred "that the charge for such services was $150, which is the fair, usual and reasonable charges for the services performed." No copy of plaintiff's book entries was attached and the statement contains no averments relative to the time consumed in the operation, the number of professional visits, or the price per visit. The defendant admits in the affidavits that the operation was performed and that he was treated by plaintiff upon two subsequent occasions. "In the absence of an express agreement as to amount, the law implies a promise to pay for a physician's services as much as they are reasonably worth. Professional services are worth what they are rated at on the professional market. The physician has his services to sell, the patient agrees to buy them and pay for them the customary price. When the services are properly rendered the patient has received what he has contracted for and has necessarily received legal benefit. Even when the agreement is completely the creation of the law the implied promise is to pay for the services what they are ordinarily worth in the community": 21 R. C. L. 415, Sec. 57.

It is averred in the affidavits that the operation was not properly performed and that the services were of no value to defendant. Entirely aside, however, from the issue sought to be raised as to whether plaintiff used ordinary skill in performing the operation and in the subsequent treatment the affidavits contain these additional material allegations: That plaintiff "stated that the charges which he would make for the operation would be fair, reasonable and satisfactory and commensurate with the time required for such an operation;" that $150 was not "a fair or reasonable charge for the services which plaintiff agreed to perform;" that if the services had been

"performed with the usual care and skill required of a physician and surgeon, the fair and reasonable charge therefor would not have exceeded the sum of $50."

We are of opinion that these averments bring this case within the principles stated by this court in The White Company v. Quin, 71 Pa. Superior Ct. 404, and are sufficient to prevent a summary judgment. Under them the parties should be required to go to a jury upon the question of what the plaintiff's services were "ordinarily worth in the community."

The judgment is reversed with a procedendo.